IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY a/s/o Insight Merchandising, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> DIF TRANSPORTATION, INC. a/k/a D.I.F., INC., <br><br> Defendant. | § § § § § § § § § § § § | CIVIL ACTION NO.: |

## COMPLAINT

Plaintiff, HARTFORD FIRE INSURANCE COMPANY a/s/o Insight Merchandising, Inc., ("Hartford") sues Defendant, DIF TRANSPORTATION, INC. a/k/a D.I.F., Inc., ("D.I.F.") as follows:

1. The Court has jurisdiction over this action pursuant to the Constitutional grant of admiralty and maritime jurisdiction (Article 3, Section 2 of the Constitution of the United States), 28 U.S.C. Section 1333, and Rule 9 (h), Federal Rules of Civil Procedure. Alternatively, the Court has jurisdiction pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. 14706 et seq., and the action is for damages in excess of $10,000, exclusive of interest and costs. The Court also has pendent, ancillary and supplemental jurisdiction as to certain aspects of the claim.

2. Furthermore, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. §1332.

3. Plaintiff, Hartford, is and was at all times material, a Connecticut corporation with its principal place of business in Hartford, Connecticut, and is the subrogated insurer of the cargo in suit, having paid the insurance claim of its insured Insight Merchandising, Inc., and is a real party in interest. At all times material, Plaintiff's insured was the owner of and/or had an insurable interest in the cargo at issue.

4. Defendant, D.I.F., is and was at all times material, a Texas corporation with its principal place of business in Euless, Texas. At all times material, D.I.F. operated and held itself out as a licensed Non Vessel Operating Common Carrier (N.V.O.C.C.) for hire. D.I.F., as N.V.O.C.C., contracted and arranged the transport and carriage of the cargo at issue and issued through bills of lading for the carriage from point of origin to point of destination (CY/CY). Alternatively, Defendant D.I.F. was acting as a carrier and/or freight forwarder. D.I.F. may be served by serving its registered agent Gerald G. Kepner at 5956 Sherry Lane, Suite 1300, Dallas, Texas 75225.

5. This action involves damage and loss to shipments of acrylic store display boxes that moved, or were intended to move, via ocean and inland/interstate transport, from Xiamen, China, to Dallas, Texas, as described more fully in D.I.F.'s through bills of lading: 1301XIA01042, 1301XIA01043, 1301XIA01046, 1301XIA01057, 1301XIA01059, 1301XIA01060, 1301XIA01061, 1301XIA01062, 1301XIA02021, 1301XIA02022, and 1301XIA02023, dated on or about February 6, 2013. The cargo was received for carriage by the Defendant and/or their agents, contractors, and representatives in good order and condition and Defendant, in consideration of certain agreed upon freight, contracted and agreed to arrange carriage, carry and deliver the cargo at destination in like good order and condition as when received, and in accordance with the terms of the contract(s)/ through bill(s) of lading under which it was shipped.

6. The cargo was not delivered at destination in like good order and condition as when received, but rather there was damage and loss.

7. The aforementioned damage and loss was caused by Defendant's negligent and reckless failure to properly arrange carriage, route, load, stow, carry, discharge, deliver, store, secure, and care for the subject cargo, their unreasonable deviations and fundamental breaches of the contracts of carriage/bill(s) of lading, and bailment.

8. As a result of the foregoing Plaintiff has sustained damages in the amount of $428,430.01, for which Defendant is liable.

9. Plaintiff and its insured have performed and have complied with any and all conditions precedent to suit, including timely and proper notice, or any such conditions have been waived and/or excused.

WHEREFORE, Plaintiff HARTFORD FIRE INSURANCE COMPANY a/s/o Insight Merchandising, Inc., demands judgment against Defendant in the amount of $428,430.01, together with prejudgment interest and the costs of this action, and any further relief to which Plaintiff is entitled.

                Respectfully submitted,

                /s/ H.N. Cunningham, III
                H.N. Cunningham, III
                Texas Bar No. 05246900
                Robert H. Bezucha
                Texas Bar No. 02284500
                ROBERTS, CUNNINGHAM & STRIPLING, L.L.P.
                8333 Douglas Ave., Suite 1000
                Dallas, Texas 75225
                (214) 696-3200
                (214) 696-5971       facsimile
                hnciii@aol.com
                bbezucha@rcsllp.com
                **ATTORNEYS FOR PLAINTIFF HARTFORD FIRE INSURANCE COMPANY a/s/o INSIGHT MERCHANDISING, INC.**